RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 26a0275p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

IN RE: CHRISTA GAIL PIKE,

*Petitioner-Movant.*

No. 26-5864

Transferred as an Application for a Second or Successive Habeas Petition in a Capital Case.

United States District Court for the Eastern District of Tennessee at Chattanooga.
No. 1:12-cv-00035—Clifton Leland Corker, District Judge.

Decided and Filed: September 30, 2026

Before: MOORE, GRIFFIN, and STRANCH, Circuit Judges.

---

## COUNSEL

**ON MOTION TO REMAND:** Stephen A. Ferrell, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Christa Pike. **ON RESPONSE:** John H. Bledsoe, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for the State.

STRANCH, J., delivered the order of the court in which MOORE, J., concurred. GRIFFIN, J. (pp. 4–7), delivered a separate dissenting opinion.

---

## ORDER

---

JANE B. STRANCH, Circuit Judge. The United States District Court for the Eastern District of Tennessee determined that it did not have jurisdiction over Christa Pike's Federal Rule of Civil Procedure 60(b)(6) motion to reopen the judgment denying habeas relief. The district court concluded that Pike's motion was effectively a second habeas petition subject to

28 U.S.C. § 2244(b)(3)(A). *See* 28 U.S.C. § 1631. It then transferred this case in its entirety to our court.

Pike has filed a Motion to Remand Rule 60(b) Motion to the District Court, arguing that her district court motion is a Rule 60(b)(6) motion, not a second or successive habeas petition. She states that the State recently reversed its litigation position that she is a liar who fabricated sexual abuse. Pike contends that the State's concession of her history of child sexual abuse and rape "erodes the foundation" of her state court proceedings. Pike ties this erosion to defects in the federal court proceedings because, under AEDPA, the district court was required to give strong deference to the state court's findings of facts. *See* 28 U.S.C. § 2254(e)(1). Pike also cites scholarly authority supporting her argument that the State's representations about her history of sexual abuse tainted the state court proceedings and the subsequent federal ones by introducing damaging stereotypes of survivors of sexual assault. Pike contends that her motion is an attack on the integrity of her habeas proceedings, and, thus, properly considered a Rule 60(b)(6) motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

The State responds that Pike's motion is properly considered a second or successive habeas petition and asserts that Pike must comply with § 2244(b). It argues that Pike does not challenge the integrity of the federal proceedings but rather attempts to relitigate the merits of her first habeas petition, rendering her motion a second habeas petition. *See id.* The State contends that Pike's motion seeks to reassert her ineffective assistance of counsel claim, which was based on her trial counsel's alleged failure to introduce evidence of or even investigate her history of child sexual abuse.

To adequately address and resolve the issues now presented to this court and in carefully balancing the equities, we find that a stay of Pike's execution is necessary. "[A] stay of execution is an equitable remedy," *Hill v. McDonough*, 547 U.S. 573, 584 (2006), one which we have exercised to stay executions in the past, *see Hartman v. Bobby*, 319 F. App'x 370, 371 (6th Cir. 2009). The interests of justice and the finality of Pike's impending execution compel the entry of a short stay of execution in order to properly analyze the parties' fully briefed arguments and resolve the issues on the merits.

Therefore, it is **ORDERED** that execution of the sentence of death upon the movant is **STAYED** until further order of this court. The Clerk shall give immediate notice to all parties.

---

## DISSENT

---

GRIFFIN, Circuit Judge, dissenting.

The present matter is another last-ditch meritless effort to delay a lawful execution. My colleagues have issued an order staying the execution, as "an equitable remedy," in the "interests of justice." In doing so, the majority has ignored the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244 *et seq*., which expressly limits the power of federal courts to stay an execution based upon a second or successive habeas petition:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

In my view, petitioner's motion to reopen the judgment is clearly a second or successive motion subject to dismissal under AEDPA. No new facts are alleged in the motion. Rather, petitioner cites statements of empathy made by the State at the conclusion of the Special Master's hearing on the legality of the execution method:

> Now, as for issue two which deals with Ms. Pike's cited history of sexual assault and PTSD. The State does not dispute the terrible things that Ms. Pike suffered. I think everybody in this courtroom wishes that those things had never happened to Ms. Pike. I think we all wish that we were not here today and that she was not

> on death row. Certainly none of us take any pleasure in this. And so it's certainly not the State's intention to try to minimize the suffering that Ms. Pike has experienced. But that's not the issue before the Court.

I.

AEDPA governs whether a 60(b) motion filed by a petitioner is a habeas corpus application. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); 28 U.S.C. § 2244(b). When a Rule 60(b) motion advances a "claim," the motion should be treated like a habeas application. *Id.* at 533. "A motion can [] be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532. In a footnote, the Court defined "on the merits":

> [It refers] here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

*Id*. at 532 n.4. Attacking the court's resolution of a claim on the merits is contrasted with attacking "not the substance . . . but some defect in the integrity of the federal habeas proceedings." *Id.* at 532. In *Gonzalez*, the Court concluded that because the petitioner alleged that the federal court "misapplied the federal statute of limitations," it was properly brought as a Rule 60(b) motion—after all, challenging a procedural bar is separate from "substantively address[ing] federal grounds for setting aside the" conviction. *Id.* at 533.

Pike characterizes her Rule 60(b) Motion as falling within this exception in *Gonzalez*. But by her own account, the State's remarks allegedly challenge our deference to the state court's postconviction determinations. This brings a "claim."

Put simply, in our prior resolution of the merits, we held that Pike failed to prove the prejudice prong necessary to her ineffective assistance of counsel claims. *Pike v. Gross*, 936 F.3d 372, 383 (6th Cir. 2019). We did so, in part, by giving the appropriate deference warranted

to the state court determinations under AEDPA. *Id.* Whether the state court's application of federal law or view of the facts was unreasonable was the whole merits decision. *See* 28 U.S.C. § 2254(d) (permitting overturning a state conviction only if it was "an unreasonable application of" federal law or was "based on an unreasonable determination of the facts."); *Pike*, 936 F.3d at 379. Recall that the Court in *Gonzalez* explicitly stated that "on the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and *(d)*." 545 U.S. at 532 n.4 (emphasis added). Pike alleges that the "defect in the integrity of the federal habeas proceedings" undermines our determination that grounds did not exist to entitle her to habeas relief under § 2254(d). Thus, when Pike argues that the State's recent remarks render the state court determinations unreasonable, she challenges our decision "on the merits" and raises a "claim."

Therefore, the district court properly transferred Pike's Rule 60(b) Motion to this court as a second or successive application that needs our authorization to proceed. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

II.

Again, the Antiterrorism and Effective Death Penalty Act mandates that "a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Only after passing that initial hurdle do we consider new rules of constitutional law or new facts. 28 U.S.C. § 2244(b)(2).

As discussed above, Pike's claim is that the State's recent remarks undermine the state court's prejudice determinations. According to Pike, had the State conceded the veracity of Pike's reported sexual abuse and rapes eighteen years ago, the state court would have reached a different conclusion as to Pike's ineffective assistance of counsel claim. In other words, Pike challenges the same claim as before—the ineffective assistance of counsel at the sentencing stage. Because that claim has been raised, § 2244 requires that the second or successive petition be dismissed. I would accordingly deny Pike's Motion to Remand and dismiss Pike's second or successive application pursuant to AEDPA.

* * *

For these reasons, I respectfully dissent.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk