# SUPREME COURT OF THE UNITED STATES

No. 26A428

KENNETH NELSEN, WARDEN *v.* CHRISTA GAIL PIKE

ON APPLICATION TO VACATE STAY

[September 30, 2026]

The application to vacate stay of execution of sentence of death presented to JUSTICE KAVANAUGH and by him referred to the Court is granted. The September 30, 2026 order of the United States Court of Appeals for the Sixth Circuit, case No. 26–5864, granting a stay of execution is vacated.

JUSTICE SOTOMAYOR, with whom JUSTICE KAGAN and JUSTICE JACKSON join, dissenting.

The State of Tennessee is set to execute Christa Pike for the 1995 murder of Colleen Slemmer. Earlier today, the Court of Appeals for the Sixth Circuit issued a stay of Pike's execution solely to "adequately address and resolve" the issues presented in Pike's pending application for relief. Order in *In re Pike*, No. 26–5864, ECF Doc. 10–2, p. 2. Tennessee now asks this Court to vacate that stay and permit it to proceed with Pike's execution today. Stunningly, the Court acquiesces. Because its decision clears the way for the State to execute Pike before her still-pending legal challenges to her conviction can be properly considered, I respectfully dissent.

Pike previously sought state postconviction relief based in part on ineffective assistance of trial counsel, arguing that her attorney failed to present adequate mitigation evidence during the penalty phase of her trial that would have highlighted the severe sexual abuse she suffered as a minor. See *Pike* v. *State*, 2011 WL 1544207 *1, *49–*54 (Tenn. Crim. App. 2011). At a hearing on that claim, according to Pike,

the State repeatedly accused her of being a "'pathological liar'" and cast doubt on her experiences of sexual violence. ECF Doc. 7, pp. 8–9. The Tennessee courts denied postconviction relief, see *Pike*, 2011 WL 1544207 *52, *70, and the Sixth Circuit later affirmed the denial of federal habeas relief, see *Pike* v. *Gross*, 936 F. 3d 372, 378, 383 (2019).

Recently, however, the State represented during an evidentiary hearing that it "'does not dispute the terrible things'" that Pike "'suffered'" as a minor. ECF Doc. 7, p. 1. Following that statement, Pike filed in the District Court for the Eastern District of Tennessee a motion under Federal Rule of Civil Procedure 60(b)(6) to reopen the judgment denying federal habeas relief. She argues that the State's representation effectively concedes that it engaged in "gamesmanship" during her postconviction proceedings and thereby "tainted" them. *Id.*, at 6–7. That "'defect in the integrity of the federal habeas proceedings,'" she asserts, is properly addressed under Rule 60(b)(6), not a second habeas petition. *Id.*, at 6 (quoting *Gonzalez* v. *Crosby*, 545 U. S. 524, 532 (2005)). The District Court concluded otherwise and transferred the case to the Sixth Circuit. See 28 U. S. C. §§1631, 2244(b)(3)(A). Earlier today, the Sixth Circuit issued a stay of Pike's execution solely to give itself enough time to "adequately address and resolve" the novel issues before it. ECF Doc. 10–2, p. 2.

The Court's decision to vacate that stay interferes with the Sixth Circuit's routine administrative handling of a capital case and unnecessarily prevents that court from giving due consideration to Pike's claim. Worse, the Court grants such extraordinary relief solely to allow the State to execute Pike before litigation over her conviction has properly run its course in the lower courts. I see no reason to short-circuit the ordinary process of appellate review, particularly in light of the grave consequences of an erroneous decision. Tennessee's desire to expedite Pike's execution by a few days or even weeks cannot outweigh her "fundamental

interest in [her] own life." *Tennessee* v. *Garner*, 471 U. S. 1, 9 (1985).

In capital cases, "[a]ppreciation of our own fallibility, and respect for the judgment of an appellate tribunal," demand caution before "acting irretrievably." *Bowersox* v. *Williams*, 517 U. S. 345, 347 (1996) (Ginsburg, J., dissenting). Indeed, this Court often states that it is "'a court of review, not of first view.'" *McLane Co.* v. *EEOC*, 581 U. S. 72, 85 (2017) (quoting *Cutter* v. *Wilkinson*, 544 U. S. 709, 718, n. 7 (2005)). Today, the Court, as it has too often lately, chooses to overlook that principle precisely when it matters most.